UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIANE KROCK,**

    **Plaintiff,**

v.                                           Case No:  5:12-CV-516-Oc-34PRL

**TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR NORTH AMERICA,
INC., TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC., and BOCH
TOYOTA, INC.**

    **Defendants.**

## ORDER

On January 23, 2013, the undersigned entered a Report and Recommendation (Doc. 11) recommending that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3) be denied and that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice because of Plaintiff's failure to state a cause of action, failure to prosecute, and failure to comply with the Court's Orders.  Indeed, Plaintiff failed to file an amended complaint in this case (or otherwise follow the Court's Orders) in the time provided by the Court (i.e., by January 18, 2013).  (*See* Doc. 10).

However, on January 29, 2013, after the undersigned entered the Report and Recommendation, Plaintiff filed her "Motion to Extend Time for Case Number 5:12-cv-516-OC-34PRL to Comply with the Report and Recommendation by Filing Amended Complaint and Paying the Filing Fee[] of $350" (Doc. 12).  In her Motion (Doc. 12), Plaintiff explains that on January 18, 2013 (the day that her amended complaint was due), she intended to file an amended

complaint and pay the filing fee in this case; however, instead of the amended complaint and filing fee being applied to this case, a new case was opened (*see Diane Krock v. Toyota Motor Corporation, et al.*, Case No. 5:13-cv-32-Oc-22PRL). This was corrected on February 1, 2013. The Clerk has now docketed Plaintiff's complaint from Case No. 5:13-cv-32, as her Amended Complaint in this case (*see* Docket entry dated February 1, 2013, Doc. 14) and noted that the filing fee was paid. Thus, to the extent Plaintiff seeks an extension of time to file an amended complaint and pay the filing fee in this case, her motion is granted, as the Amended Complaint (Doc. 14) has been docketed.

On January 29, 2013, Plaintiff filed a Motion to Supplement the Amended Complaint (Doc. 13), and represents that she is dropping DeLuca Toyota Corporation and seeking in excess of $300,000 in monetary damages. Plaintiff then filed her Second Amended Complaint (Doc. 15), which, in fact, includes a demand for monetary damages and removes DeLuca Toyota. Accordingly, Plaintiff's Motion (Doc. 13) is granted to the extent the Second Amended Complaint (Doc. 15) is accepted and is now the controlling pleading in this case.[1]

In light of the foregoing, the undersigned **WITHDRAWS** the Report and Recommendation (Doc. 11) dated January 23, 2013, and **denies** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3) **as moot**.[2]

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on February 7, 2013.

---

[1] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. and Can.*, 674 F.2d 1365, 1370, n.6 (11th Cir. 1982); *see also Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (stating the general rule that an amended complaint supersedes the former pleadings and holding that the court looks to the amended complaint to determine whether there is subject matter jurisdiction).

[2] Since Plaintiff has paid the filing fee, Plaintiff is responsible for service of process on Defendants. *See* Rule 4 of the Federal Rules of Civil Procedure. Plaintiff, who is proceeding *pro se*, is also advised to be mindful of her responsibility to comply with the Local Rules. *See* www.flmd.uscourts.gov.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties